UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONOVAN SMITH,                            )
                    Plaintiff,            )
                                          )          No. 1:13-cv-1171
-v-                                       )
                                          )          HONORABLE PAUL L. MALONEY
PACKERS SANITATION SERVICES, INC.,        )
                    Defendant.            )
_____  )

## ORDER OF REMAND TO THE 9TH CIRCUIT COURT FOR KALAMAZOO COUNTY, MICHIGAN

Plaintiff Donovan Smith, proceeding pro se, filed a handwritten complaint against Defendant Packers Sanitation Services, Inc. Smith is a resident of Kalamazoo County. (ECF No. 1-2 "Compl." ¶ 2.) Defendant is a Wisconsin Corporation. (ECF No. 1 "Notice of Removal" ¶ 5.) Plaintiff alleged a claim arising under Michigan law, a violation of Michigan's Elliot-Larsen Civil Rights Act. Relying on the diversity statute, 28 U.S.C. § 1332, Defendant timely removed the lawsuit to this Court.

## LEGAL FRAMEWORK

"As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). Federal courts have an obligation to examine whether they have subject matter jurisdiction over an action. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case."). When an action is removed from state court, a federal court must consider whether it has subject matter jurisdiction. *See Probus v. Charter Commc'ns, LLC*, 234 F.App'x 404, 406 (6th Cir. 2007) ("Therefore, despite Probus's failure to move to remand, the district court should have *sua*

*sponte* addressed the issue of subject matter jurisdiction." (citing *Curry v. United States Bulk Transp., Inc.*, 462 F.3d 536, 539-41 (6th Cir. 2006))).

The diversity statute extends federal subject-matter jurisdiction to cases and controversies involving citizens from different states, so long as the amount-in-controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). As the party invoking federal jurisdiction, the removing party bears the burden of establishing, by competent proof, that the elements of the diversity statute have been met. *Cleveland Housing Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010)). The removing party must show, by a preponderance of the evidence, that the allegations in the complaint at the time of removal satisfies the amount-in-controversy requirement. *Northup Props., Inc. v. Chesapeake Appalachia, LLC*, 567 F.3d 767, 769-70 (6th Cir. 2009). When the complaint seeks an unspecified amount of damages, the defendant may satisfy the amount-in-controversy by showing that the plaintiff's claim "more likely than not" meets the federal threshold. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 222 (6th Cir. 2006).

Removal statutes should be narrowly construed because federal courts are courts of limited jurisdiction and because removal of a case raises significant federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Palkow v CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005). The Sixth Circuit Court of Appeals follows a policy that "all doubts as to the propriety of removal are resolved in favor of remand." *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999)). If a district court determines, at any time before the entry of final judgment, that it lacks subject matter jurisdiction over a removed action, the action must be remanded. 28 U.S.C. §

1447(c); *see Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) ("No court can ignore the defect [in it's jurisdiction]; rather a court, noticing the defect, must raise the matter on its own").

## ANALYSIS

Along with the notice of removal, Defendant filed the copy of the complaint with which it was served. The handwritten complaint is six pages long, however, page 3 of the complaint is missing. This Court pointed out the omission in an earlier order, and required Defendant to either file a complete copy of the complaint, or submit a statement indicating that it was not served with a complete copy. (ECF No. 3.) Defendant filed a statement indicating that it had filed, with the notice of removal, the copy with which it was served. (ECF No. 4.) This Court then issued a writ of certiorari to the 9th Circuit Court for Kalamazoo County, ordering the state court to file, with this Court, copies of all records and proceedings related to this lawsuit. (ECF No. 6.) Again, this Court noted that page 3 of the complaint was missing. The copy of the complaint received from the state court is also missing page 3 of the complaint. (ECF No. 8.) The Court proceeds with the version of the complaint received from both the state court and from Defendant.

Plaintiff seeks an unspecified amount of damages, and has alleged only that the amount-in-controversy exceeds $25,000. (Compl. ¶ 4.) Plaintiff alleges he was employed as a janitor from February 27, 2012, through April 4, 2012, and that he was never paid. (*Id.* ¶¶1-2 of Background Facts.) Plaintiff asserts he quit working because of traumatic experiences at work. (*Id.* 3 of Background Facts.). Plaintiff also alleges he was subject to sexual harassment by co-workers, "by puting [sic] there [sic] hands on plaintiff's lower back." (*Id.* ¶ 11 of Background Facts.)

In paragraph 6 of the notice of removal, Defendant asserts that the amount in controversy exceeds $75,000. Defendant notes the facts in the complaint identified in the previous paragraph.

Defendant further notes that Plaintiff seeks both compensatory and exemplary damages.

Defendant has not established, by a preponderance of the evidence, that the amount-in-controversy exceeds $75,000. The complaint does not contain any "clear allegations" that the lawsuit involves a sum in excess of $75,000. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001) (citation omitted). The complaint does not allege Plaintiff's hourly pay or otherwise indicate how much money Plaintiff is owed. The Court cannot conclude that Plaintiff's claim for backpay or future earnings would meet the amount-in-controversy. Defendant has not cured these factual omissions as part of its notice of removal. The complaint contains no facts explaining or developing the traumatic experiences on which Plaintiff's claim for exemplary damages might arise. The only allegation in the complaint related to the claim for sexual harassment is that Plaintiff's lower back was touched by his co-workers. On this record, the amount-in-controversy required for this Court to exercise subject-matter jurisdiction has not been met and the doubt as to jurisdiction must be resolved in favor of remand.

Therefore, this matter is **REMANDED** to the 9th Circuit Court for Kalamazoo County, Michigan, as this Court lacks subject-matter jurisdiction. **IT IS SO ORDERED.**


Date:    December 2, 2013                          /s/ Paul L. Maloney
                                                   Paul L. Maloney
                                                   Chief United States District Judge